[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12273
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22662-UU,
1:07-cr-20584-UU-5

STEVEN HARTSFIELD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2018)

Before WILLIAM PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Hartsfield, a federal prisoner serving a 360 month sentence, appeals

the denial of his motion to vacate his sentence under 28 U.S.C. § 2255.  Hartsfield

contends that he is being held unlawfully because he was convicted and sentenced based on an improper application of 18 U.S.C. § 924(c), which provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a "crime of violence."  Hartsfield asserts that his conviction for attempted Hobbs Act robbery does not constitute a crime of violence under that statute (1) because the statute's "risk-of-force" clause (Section 924(c)(3)(B)) is unconstitutionally vague, and (2) because attempted Hobbs Act robbery does not otherwise qualify as a crime of violence under the statute's "use-of-force" clause (Section 924(c)(3)(A)).  Because both of those arguments are foreclosed by controlling authority, we affirm.

## I

Following a jury trial, Hartsfield was found guilty of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 3); attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 4); carrying a firearm during and in in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 5); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 6).  He was sentenced to 360 months imprisonment, consisting of: 240 months as to Counts 3 and 4, to be served concurrently; 180 months as to Count 6 (120 of which were to be served concurrently with Counts 3 and 4 and 60 of which were to be served consecutively to Counts 3 and 4); and 60

2

months as to Count 5, to be served consecutively to all other counts.  His conviction and sentence were affirmed on direct appeal.  In 2010, he filed an initial motion to vacate his sentence under 28 U.S.C. § 2255, which was denied.

In 2016, this Court granted leave for Hartsfield to file a second motion to vacate his sentence under Section 2255.  He argued in relevant part that attempted Hobbs Act robbery was not a crime of violence under either of Section 924's clauses.  Specifically, he argued that it did not meet Section 924(c)(3)(A)'s use-of-force requirement, and that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), invalidated Section 924(c)(3)(B) as unconstitutionally vague.  The district court denied the motion, concluding that although Section 924(c)(3)(B) is unconstitutionally vague, attempted Hobbs Act robbery nonetheless qualifies as a crime of violence under Section 924(c)(3)(A).  The district court granted a certificate of appealability as to "whether Movant's conviction for attempted Hobbs Act robbery qualifies as a violent felony under § 924(c)(3)(A) in light of *Johnson*."

When reviewing a district court's denial of a Section 2255 motion, we review questions of law *de novo* and factual findings for clear error.  *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

## II

Section 924(c) "provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime." *Ovalles v. United States*, 861 F.3d 1257, 1263 (11th Cir. 2017). For purposes of Section 924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A), (B). The first clause is often referred to as the "use-of-force" clause, and the second clause is often referred to as the "risk-of-force" clause. *See Ovalles*, 861 F.3d at 1263.

We note initially that the district court erred in concluding that the risk-of-force clause is unconstitutionally vague in light of *Johnson*. As we recently held in *Ovalles*, "*Johnson*'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B)." *Id.* at 1265. Notwithstanding that error, the district court correctly concluded that attempted Hobbs Act robbery is a crime of violence under Section 924(c)(3)(A)'s use-of-force clause. *See United States v. St. Hubert*, __ F.3d __, 2018 WL 1081206, at *14 (11th Cir. Feb. 28, 2018) ("[W]e conclude that [defendant's] predicate offense of attempted Hobbs Act robbery

4

qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause …."). Accordingly, the district court correctly concluded that Hartsfield's sentence was not illegal and should not be vacated.

## III

We **AFFIRM** the denial of Hartsfield's motion to vacate his sentence.